# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHNNIE PARKER, *et al.*,

      Plaintiffs,

      v.

JOHN MORIARTY & ASSOCIATES,

      Defendant/Third Party Plaintiff,

      v.

STRITTMATTER METRO, LLC,

      Third Party Defendant/Fourth Party Plaintiff,

      v.

ENVIRONMENTAL CONSULTANTS AND CONTRACTORS, INC.,

      Fourth Party Defendant.

Civil Action No. 15-1506 (CKK)

## MEMORANDUM OPINION
(December 21, 2016)

On December 2, 2016, the Court issued an [62] Order and accompanying [63] Memorandum Opinion denying both the [46] *Motion to Intervene* and the [61] *Motion to Retain Right of Party to Intervene* filed by Deborah Khalil-Ambrozou ("Movant"), Plaintiff Johnnie Parker's mother. Presently before the Court is Movant's [68] *Motion to Reverse 62 Order Denying Ms. Khalil-Ambrozou's 46 Motion to Intervene and Ms. Khalil-Ambrozou's 61 Motion to Retain Right of Party to Intervene and Redress*, which the Court shall construe as a motion for reconsideration of its Order denying Movant's request to intervene in the instant action pursuant

1

to Federal Rule of Civil Procedure 54(b).[1] The Court has carefully considered Movant's motion and concludes that Movant has provided no basis for the Court to alter or amend its decision to deny her request to intervene.[2]

Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. D.C.*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Lyles v. District of Columbia*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

As the Court explained in its earlier opinion, "Movant's asserted injury aris[es] out of the altercation at her house and the court-ordered evaluation in 2016, and Plaintiff Parker's claims aris[e] out of an alleged injury that he incurred while working as subcontractor on a construction

---

[1] While Movant does not set forth the authority under which she seeks for the Court to reconsider its ruling, the Court is mindful of its "obligation to construe *pro se* filings liberally." *Toolasprashad v. Bur. of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002). Here, the Court construes this as a motion brought pursuant to Rule 54(b) because the Court has not yet entered a final judgment on all pending claims in this action.

[2] In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering its decision. *See* LCvR 7(f).

site in 2014." Mem. Op. (Dec. 2, 2016), at 6-7, ECF No. [63]. In reaching its decision, the Court considered whether Movant may intervene as of right in this action pursuant to Rule 24(a) or, alternatively, whether the Court should grant her permissive intervention pursuant to Rule 24(b). Ultimately, the Court held that Movant failed to demonstrate Article III and prudential standing as required to intervene as of right in this matter. Moreover, the Court found that Movant had not asserted a claim that shares a common question of law or fact such that permissive intervention would be warranted and found that permitting intervention would cause undue delay. Here, Movant has raised no new grounds to demonstrate that her request to intervene should be granted. As such, the Court shall DENY Movant's [69] *Motion to Reverse 62 Order Denying Ms. Khalil-Ambrozou's 46 Motion to Intervene and Ms. Khalil-Ambrozou's 61 Motion to Retain Right of Party to Intervene and Redress*, for the foregoing reasons, as well as the reasons stated in the [63] Memorandum Opinion issued in this case on December 2, 2016, which the Court fully INCORPORATES and makes part of this Memorandum Opinion.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge